DAN McCALL RAWLS, JR., PETITIONER v. ELBERT L. PETERS, JR., COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NORTH CAROLINA, RESPONDENT

No. 796SC648

(Filed 4 March 1980)

**Automobiles § 2.4— officer's approach to vehicle justified—refusal to take breathalyzer test—license properly suspended**

Where an officer observed petitioner's car pulled off the highway, its motor running, its interior light on, and its emergency lights flashing, the officer was justified in approaching the vehicle, and evidence that petitioner was seated behind the wheel with both hands on it, had eyes that were red and glassy, and smelled strongly of alcohol was sufficient to support a finding that the officer had reasonable grounds to arrest petitioner for operating a motor vehicle while under the influence of an intoxicating liquor. Therefore, petitioner's conscious refusal to take a breathalyzer test was willful within the meaning of G.S. 20-16.2 and his driving privilege was properly suspended.

APPEAL by petitioner from *Allsbrook, Judge.* Judgment entered 19 March 1979 in Superior Court, HALIFAX County. Heard in the Court of Appeals on 31 January 1980.

About 11:00 p.m. on 3 December 1977, North Carolina Highway Patrolman C. J. Carmon observed a car parked on the roadside of Rural Paved Road 1804 near Scotland Neck. The emergency flashers on the vehicle were turned on and flashing; its interior light was on; three individuals, two males and a female, were inside the car. When Trooper Carmon approached the car, he discovered that the car's motor was running and that the petitioner was seated under the steering wheel with both hands on it. Carmon "smelled a strong odor of alcohol on his [petitioner's] breath" who advised the patrolman that he was driving the car. Thereupon, Carmon arrested the petitioner and promptly took him to the Scotland Neck Police Department, where petitioner was first requested to take performance tests. Carmon testified:

> On the balance test he was wobbly, the walking test he was staggery, the turning he was staggery; on his right hand touching his nose, he completely missed it, and with his left hand, he was hesitant. There was a real strong odor of alcohol on his breath, his eyes were real red and glassy.

In Carmon's opinion, petitioner was "under the influence of some intoxicating beverage." He requested petitioner to take the breathalyzer test before Lieutenant Eberle, a duly licensed operator. Petitioner refused.

Thereafter, following a hearing at the State Highway Patrol office in Ahoskie, petitioner was notified by the Division of Motor Vehicles that his driving privilege was being suspended for a period of six months, pursuant to G.S. § 20-16.2, for his willful refusal to take the breathalyzer test. The suspension "directive" was stayed pending a hearing *de novo* in Superior Court as provided for in G.S. § 20-16.2(e). The matter was heard before Judge Allsbrook on 19 March 1979 who took evidence and made findings and conclusions which, except where quoted, are summarized as follows:

When Trooper Carmon saw the car parked on the roadside with its emergency flashing lights turned on, he approached it and observed the petitioner in the driver's seat with both hands on the steering wheel. The motor was running and petitioner told Carmon that he had driven the car there. Carmon detected a strong odor of alcohol about petitioner, noticed that his eyes were

red and glassy, and arrested him for driving under the influence of intoxicating liquor. These facts and circumstances afforded Patrolman Carmon "reasonable grounds to believe that the Petitioner then was operating a motor vehicle upon the highways while under the influence of intoxicating liquor." Hence, Carmon took petitioner to the Scotland Neck Police Department and requested that he submit to a breathalyzer test in the presence of Officer Dave V. Eberle, who was duly qualified and licensed to administer such a test. Officer Eberle informed petitioner of his rights verbally and in writing under G.S. § 20-16.2(a), but petitioner "without just cause or excuse, voluntarily, understandingly and intentionally refused to submit to [the breathalyzer] test." The court thereupon concluded that petitioner "willfully refused to take the chemical test of his breath in violation of law, and the order of the Respondent [Division of Motor Vehicles] . . . is justified in fact and in law." From a judgment affirming the revocation order, petitioner appealed.

*Cherry, Cherry & Flythe, by Larry S. Overton, for the petitioner appellant.*

*Attorney General Edmisten, by Assistant Attorney General Mary I. Murrill and Deputy Attorney General William W. Melvin, for the respondent appellee.*

HEDRICK, Judge.

Petitioner brings forward and argues three assignments of error: (1) Did the court err in finding that Trooper Carmon had reasonable grounds to believe that petitioner was operating a motor vehicle while under the influence of intoxicating liquor? (2) Did the court err in finding that he intentionally, without just cause or excuse, refused to submit to the breathalyzer test? and (3) Did the court err in concluding that he willfully refused to take the test, thus justifying the suspension of his driving privilege? Petitioner concedes, as he testified at the hearing in Superior Court, that he "did refuse to take the breathalyzer test." He further concedes that the evidence is plenary to support the finding that he intentionally, without just cause or excuse, refused to take the test since there was sufficient, although conflicting, evidence that the car's motor was running, that he was seated behind the steering wheel with both hands on the wheel, that

Trooper Carmon smelled an odor of alcohol on his breath, but that he thereafter consciously refused to take the test. "The findings of the trial court are conclusive on appeal if there is evidence to support them. This is true even though the evidence might sustain findings to the contrary." *Seders v. Powell,* 298 N.C. 453, 460-61, 259 S.E. 2d 544, 549 (1979) [citations omitted]. It follows that, since the findings are supported by competent evidence, the court could properly conclude that the petitioner willfully refused to take the breathalyzer test, in violation of G.S. § 20-16.2, which provides in pertinent part:

> (a) Any person who drives or operates a motor vehicle upon any highway or any public vehicular area shall be deemed to have given consent, . . . to a chemical test or tests of his breath or blood for the purpose of determining the alcoholic content of his blood if arrested for any offense arising out of acts alleged to have been committed while the person was driving or operating a motor vehicle while under the influence of intoxicating liquor. The test or tests shall be administered at the request of a law-enforcement officer *having reasonable grounds to believe the person to have been driving or operating a motor vehicle on a highway or public vehicular area while under the influence of intoxicating liquor* . . . .
>
> . . .
>
> (c) The arresting officer, in the presence of the person authorized to administer a chemical test, shall request that the person arrested submit to a test . . . . If the person arrested willfully refuses to submit to the chemical test, . . . none shall be given. However, upon the receipt of a sworn report of the arresting officer and the person authorized to administer a chemical test that the person arrested, . . . willfully refused to submit to the test . . . , the Division [of Motor Vehicles] shall revoke the driving privilege of the person arrested for a period of six months.

[Emphasis added.]

Petitioner also concedes on appeal that the evidence is ample to support a finding that the arresting officer had "reasonable grounds" to believe that he was operating the automobile while

under the influence of some intoxicating beverage. His key argument, and the issue upon which the whole determination of this case depends, is simply this: Was Trooper Carmon justified in approaching the car at the outset? It is petitioner's contention that the officer "had no . . . reasonable grounds for approaching [his] vehicle" and, thus, his refusal to submit to the breathalzyer test was neither intentional nor willful "since his prior arrest was unconstitutional."

We do not agree. Petitioner relies solely on the recent decision of the United States Supreme Court in *Delaware v. Prouse,* 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed. 2d 660 (1979), a case which we find readily distinguishable. In *Prouse* a police officer *stopped* a vehicle and seized marijuana which was in plain view on the floor of the car. Defendant moved to suppress the evidence so seized and, at a hearing on his motion, the officer testified that his stopping the car was "routine. I saw the car in the area and was not answering any complaints so I decided to pull them off," *Id.* at 440 U.S. 650-51, 99 S.Ct. 1394, 59 L.Ed. 2d 665. He further stated that, before stopping the car, he observed neither traffic nor equipment violations, nor any suspicious acitivity. He stopped the car only to check the driver's license and registration of the vehicle. The defendant's motion to suppress was allowed and affirmed on appeal.

In what we interpret as a very narrow holding, the Supreme Court rules as follows:

> [W]e hold that except in those situations in which there is at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law, stopping an automobile and detaining the driver in order to check his driver's license and the registration of the automobile are unreasonable under the Fourth Amendment. This holding does not preclude the State of Delaware or other States from developing methods for spot checks that involve less intrusion or that do not involve the unconstrained exercise of discretion . . . . We hold only that persons in automobiles on public roadways may not *for that reason alone* have their travel and privacy interfered with at the unbridled discretion of police officers.

*Id.* at 440 U.S. 663, 99 S.Ct. 1401, 59 L.Ed. 2d 673-74. [Our emphasis.]

The Court condemned *random stops* of vehicles for the sole reason of checking driver's licenses and registration documents. For that reason we find the case inapplicable to the situation in the case now before us since the trooper did not stop, randomly or otherwise, the petitioner's vehicle. But, assuming that the officer must have reasonable grounds for initially approaching a stopped vehicle, the facts of the instant case clearly justify Trooper Carmon's actions. The uncontradicted testimony in this case establishes that the petitioner's car was pulled off the highway, its interior light was on, and, most significantly, its emergency lights were flashing. Surely the majority of motorists activate their emergency flashers to alert other motorists of an emergency situation and to call for help. Surely, the majority would not only desire, but also expect, a law-enforcement officer to come to their assistance. Moreover, in our opinion, the officer not only has the right to approach such a vehicle, he has a duty to do so.

We hold that the circumstances of the case before us fully justified Trooper Carmon's initial approach and that the evidence adduced at the hearing amply supports a finding that he had reasonable grounds to arrest petitioner for operating a motor vehicle while under the influence of an intoxicating liquor. It follows that petitioner's conscious refusal to take the breathalyzer test was willful within the meaning of G.S. § 20-16.2. *See Seders v. Powell, supra.*

Accordingly, the judgment of the Superior Court affirming the action of the respondent in suspending petitioner's driving privilege for a period of six months will be and the same is hereby

Affirmed.

Judges VAUGHN and CLARK concur.